Neil B. Klein, SBN. 142734
neilk@mckassonklein.com
Maria del Rocio Ashby, SBN 206282
mrashby@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone:    (949) 724-0200
Attorneys for Plaintiffs
Peninsula Petroleum Limited, Minerva
Bunkering Pte Ltd., Estern Services Inc.,
Alexandris Ships Limited

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Peninsula Petroleum Limited, Minerva Bunkering Pte Ltd., Estern Services Inc., Alexandris Ships Limited, | Case No. |
| | IN ADMIRALTY, Fed. R. Civ. P. 9(h) |
| Plaintiffs, | |
| v. | **VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF SUPPLEMENTAL RULE B MARITIME ATTACHMENT AND GARNISHMENT WRIT** |
| Norvic Shipping International LLC, Norvic Shipping Asia Pte Ltd., Norvic Marine Holdings Inc., | |
| Defendants, | |
| and | |
| Valley National Bank, | |
| Garnishee. | |

Peninsula Petroleum Limited, Minerva Bunkering Pte Ltd., Estern Services Inc. and Alexandris Ships Limited bring this action against Norvic Shipping International LLC,  Norvic Shipping Asia Pte Ltd., and Norvic Maritime Holdings Inc. (collectively "Norvic") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting issuance of process of maritime attachment and garnishment, including against Garnishees, and state as follows:

- 1 -

**Jurisdiction and Venue**

1.  This is an action within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h), and concerning the claims of Peninsula, Estern and Alexandris is brought to obtain security for ongoing or potential maritime arbitration in London, pursuant to 9 U.S.C. §8, and for Minerva, for recovery in damages, from Norvic for Norvic's breaches of maritime contract as detailed herein.

2.  Venue is proper in this District because Garnishee Valley National Bank can be found in this District and therefore Norvic's property is located in this District.

3.  Norvic cannot be found in this District within the meaning of Supplemental Rule B(1) and LAR B.2.

## The Parties

4.  Peninsula Petroleum Limited is a company incorporated in Ireland; Minerva Bunkering Pte Ltd., in Singapore, Estern Services Inc. in Marshall Islands and Alexandris Ships Limited in Liberia.

5.  Norvic Shipping International LLC is a Delaware LLC, and Norvic Shipping Asia Pte Ltd a Singapore corporation, and Norvic Maritime Holdings Inc. an Ontario corporation. Each is interrelated and part of the Norvic Shipping Group operating in Canada.

6.  Garnishee Valley National Bank is a bank with and offices and branch in this District which plaintiffs having received payments for Norvic from Valley National Bank, reasonably believe holds accounts or property of and/or owing to Norvic.

## Facts

**Peninsula**

7.  Peninsula for some time has sold marine fuels ("bunkers") to ocean vessels chartered, owned or operated by Norvic, including through including through

various Norvic affiliates and subsidiaries. Peninsula has extended credit to Norvic for these transactions, frequently well in excess of $100,000, for extended terms.

8. The price of marine fuel, however, frequently fluctuates, thus affecting Norvic's ability to buy the fuel at prices which it then can reflect in its ocean carriage rates paid by its customers. To address marine fuel price fluctuation, Norvic and Peninsula in January, 2024 entered into an International Swaps and Derivatives Association ("ISDA") agreement (the "Marine Fuel Agreement"), which in essence allowed Norvic to over time average out the cost of the marine fuel it bought from Peninsula, requiring Norvic to post collateral based on mark-to-market value fluctuations. The Marine Fuel Agreement is a maritime contract.

9. Toward the end of 2025, however, Norvic failed to meet its obligations under the Marine Fuel Agreement to maintain collateral in relation to Norvic's obligations under the Agreement. By notice letters dated January 19, 21 and 29, 2026, Peninsula according to the Marine Fuel Agreement, Peninsula terminated the Marine Fuel Agreement, demanding that Norvic as the Agreement required, immediately pay and satisfy the margin of $109,885 due under the Agreement.

10. The Agreement provides for English law to control and arbitration before the London Court of International Arbitration (LCIA).

11. Norvic has failed and refused to pay as the Marine Fuel Agreement provides, and therefore owes Peninsula damages of at least the amount demanded below. Further, Norvic applying English law controlling the Agreement owes Norvic attorney's fees for the purposes of this Verified Complaint and also prospectively for the LCIA arbitration, along with prejudgment interest and arbitrators' fees and other costs, as demanded below.

**Minerva**

12. Minerva Bunkering Pte Ltd and Norvic Shipping Asia Pte Ltd agreed a long term supply Contract No. 9017897 dated 20 June 2025 for the supply of very low sulfur fuel oil bunkers ("VLSFO") incorporating the Minerva Bunkering Terms

2025. Those Terms provide for Minerva's recovery of attorney's fees and costs upon non-payment and pursuit of recovery.

13. Minerva and Norvic Shipping Asia Pte Ltd. agreed to supply to the Norvic-chartered M/V ALEXANDRIS at Singapore for 450-600mt VLSFO evidenced by a Confirmation Note dated 14 October 2025.

14. Pursuant to the above, 498.5280 mt VLSFO was delivered evidenced by Bunker Delivery Note No. 2511-0AMWGLJJ. Minerva issued Norvic Shipping Asia Pte Ltd. invoice 5597-74611 for payment of $230,040.26. Demands for payment (and threats of arrest of the M/V ALEXANDRIS) have been made and Norvic has made several promises to pay but has not yet paid.

15. Minerva has also demanded payment from the parent company Norvic Maritime Holdings Inc. pursuant to a Guarantee dated 23 February 2022 issued by Norvic Maritime Holdings Inc. in favor of Minerva, pursuant to which the Guarantor undertook, as primary obligor and on first demand, to guarantee all present and future payment obligations of Norvic Shipping International Ltd. and its subsidiaries, including of Norvic Shipping Asia Pte Ltd.

16. Norvic has failed and refused to pay Minerva and therefore owes Minerva damages of at least the amount demanded below.

**Estern Services, Inc.**

17. Norvic Shipping International LLC in October, 2025 chartered Estern's vessel M/V YASA MAGNOLIA for an agreed amount. The charter party provides for London arbitration and English law to control, the latter providing for Estern to recover its attorney's fees and costs including in this proceeding and for the arbitration.

18. At the conclusion of the charter party in or about December, 2025, Norvic owed Estern at least $150,866.49. Despite repeated demand, Norvic has failed to pay Estern and therefore owes Estern damages and related costs and attorney's fees, to be secured pending the outcome of arbitration in at least the amount

demanded below.

**Alexandris Ships Limited**

19.  Norvic Shipping Asia Pte. Ltd in or about June, 2025 chartered Alexandris' vessel M/V ALEXANDRIS, and the charter party required that Norvic pay for all of the bunkering charges for fueling of the vessel. The charter party provides for London arbitration and English law to control, the latter providing for Alexandris to recover its attorney's fees and costs including in this proceeding and for the arbitration.

20.  Norvic, however, failed to pay for fuel which it ordered from Minerva, as set out above, and Minerva has threatened as a result to arrest the M/V ALEXANDRIS. Should Minerva arrest the M/V ALEXANDRIS, Alexandris will suffer damages of at least the amount of Minerva's claimed amount of $230,040.26, plus further damages for detention of the vessel and release from arrest. Norvic also owes Alexandris at least a further $162,125.03 of unpaid charter hire payments. Given Norvic Shipping Asia Pte. Ltd's breach of the charter party for failure to pay for bunkers, Norvic Shipping Asia Pte. Ltd. owes Alexandris damages and related costs and attorneys fees, to be secured pending the outcome of arbitration in at least the amount demanded below.

**Specific Allegation - Garnishee**

21.  **Valley National Bank**:  Records of plaintiffs showing payment on behalf of Norvic, and independent investigation, show that Norvic has or had accounts held by Valley National Bank. Plaintiffs therefore reasonably believe this Garnishee owes accounts or holds property of one or more of the Norvic defendants.

## Count I – Breach of Maritime Contracts

22.  Plaintiffs repeat and incorporate the previous paragraphs as though fully set forth herein.

23.  Norvic breached maritime contracts set out above.

24.  Each plaintiff has suffered or will suffer damages for Norvic's breach of

maritime contracts, and demand damages, attorneys fees and costs to be paid directly or held as security as set forth more fully below.

<strong>Count II – Process of Maritime Attachment and Garnishment</strong>

<strong><u>(Supplemental Rule B)</u></strong>

25.  Plaintiffs repeat and incorporate the previous paragraphs as though fully set forth herein.

26.  Plaintiffs seeks issue of process of maritime attachment and garnishment, in order to obtain payment and security for the amounts due from Norvic.

27.  No security for plaintiffs' claims has been posted by Norvic or anyone acting on its behalf.

28.  Norvic cannot be found within this District within the meaning of Rule B and LAR B.2, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, property including intangible property, funds, and/or credits in the hands of one or more garnishees in this District, including the Garnishee.

29.  Norvic therefore respectfully requests the Court to issue writs of maritime garnishment pursuant to Supplemental Rule B as set out below.

<strong><u>Prayer for Relief</u></strong>

WHEREFORE, plaintiffs pray:

A. That as Norvic cannot be found within this District, and pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment in the total amount of **$1,442,957.04** (herein, the "Garnishment Amount");

B.  That Process provides for the attaching of all tangible or intangible property, or any funds held by any Garnishee, up to the Garnishment Amount;

C.  That any persons claiming any interest in the property attached by such Process be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint;

D. That this Court order and enter judgment as requested in favor of each respective plaintiff as follows:

**Peninsula**: Against defendant Norvic Shipping International LLC, requiring the provision of security for the London arbitration against Norvic, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., in the amount of at least $ 109,885, plus interest at 6% thereon, costs including attorneys fees and cost of arbitration, reasonably estimated to be at least a further $200,000, for the total amount to be secured of at least $309,885, and then upon final arbitral award the Court recognizing the award and entering judgment for Peninsula on the award;

**Minerva**: Against defendants Norvic Shipping International LLC,  Norvic Shipping Asia Pte Ltd., and Norvic Maritime Holdings Inc.,  jointly and severally, judgment for $230,040.26, plus contractual interest, costs, and attorneys fees in an estimated amount of at least $60,000 for a total of $290,040.26;

**Estern**: Against defendant Norvic Shipping International LLC, requiring the provision of security for contractual London arbitration against Norvic, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., in the amount of at least $150,866.49, plus interest at 6% thereon, costs including attorneys fees and cost of arbitration, reasonably estimated to be at least a further $100,000, for the total amount to be secured of at least $250,866.49, and then upon final arbitral award the Court recognizing the award and entering judgment for Estern on the award;

**Alexandris**: Against defendant Norvic Shipping Asia Pte. Ltd. requiring the provision of security for contractual London arbitration against Norvic, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., in the amount of at least $230,040.26 (Minerva) and $162,125.03 (unpaid charter hire), plus interest at 6% thereon, costs including attorney's fees and cost of arbitration, prospective costs of detention of the M/V ALEXANDRIS and related expense to defend against and release any arrest of that vessel, reasonably estimated to be at least a further $200,000, for the total amount to be secured of at least $592,165.29, and then

upon final arbitral award the Court recognizing the award and entering judgment for Alexandris on the award;

     E.  That a person over 18-years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c), to serve Process of Maritime Attachment and Garnishment; and

     F.  That this Court award each plaintiff such other and further relief that this Court deems just and proper.

Date: February 18, 2026.

Respectfully submitted,

/s/ Neil B. Klein
Neil B. Klein
Maria del Rocio Ashby
McKasson & Klein LLP
Attorneys for Plaintiff

OF COUNSEL
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
443-290-8704
jssims@simmsshowers.com

## <u>VERIFICATION</u>

### AFFIDAVIT THAT DEFENDANT IS NOT FOUND <u>WITHIN THE DISTRICT</u>

I am a Principal of the law firm Simms Showers LLP, counsel for plaintiffs.

The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information, based upon the records of plaintiffs as made available to me by plaintiffs. Plaintiffs' respective authorized officers are not readily available in this District to make verifications on any plaintiff's behalf and I am authorized to make this verification on each plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B and LAR B.2 I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Norvic in this District.

Pursuant to 28 U.S.C. §1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2026.

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: 443-290-8704
jssimms@simmsshowers.com

Verified Complaint and Request for Issuance of
Supplemental Rule B Maritime Attachment and Garnishment Writ