Neil B. Klein, SBN. 142734
neilk@mckassonklein.com
Maria del Rocio Ashby, SBN 206282
mrashby@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone:   (949) 724-0200

Attorneys for Plaintiffs
Peninsula Petroleum Limited,
Minerva Bunkering Pte Ltd.,
Estern Services Inc.,
Alexandris Ships Limited

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Peninsula Petroleum Limited, Minerva Bunkering Pte Ltd., Estern Services Inc., Alexandris Ships Limited,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>Norvic Shipping International LLC, Norvic Shipping Asia Pte Ltd., Norvic Marine Holdings Inc.,<br><br>　　　Defendants,<br><br>　　and<br><br>Valley National Bank,<br><br>　　　Garnishee. | Case No.<br><br>IN ADMIRALTY, Fed. R. Civ. P. 9(h)<br><br>***EX PARTE* APPLICATION FOR:**<br><br>**(A) ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT;**<br><br>**(B) APPOINTMENT OF SPECIAL PROCESS SERVER;**<br><br>**(C) EXPEDITED REVIEW;**<br><br>**POINTS AND AUTHORITIES**<br><br>**Fed. R. Civ. P., Supp. Rule B]** |

　　Peninsula Petroleum Limited, Minerva Bunkering Pte Ltd., Estern Services Inc. and Alexandris Ships Limited file this *Ex Parte* Application, pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims of the Federal Rules of Procedure, for an order authorizing issuance of process of maritime

- 1 -

1  attachment and garnishment for the property of defendants Norvic Shipping
2  International LLC, Norvic Shipping Asia Pte Ltd., or Norvic Maritime Holdings
3  Inc. (collectively herein and in the Verified Complaint, "Norvic") held or controlled
4  by garnishee Valley National Bank within this District.

5  Waiver of notice for this Application is warranted under L.R. 7-19.2 due to the
6  intangible nature of the property sought to be attached and garnished, as
7  detailed in the Verified Complaint (bank accounts and other intangible property),
8  which can be quickly removed from this District before process of maritime
9  attachment and garnishment issues and is executed.

10  This Application is based on plaintiffs' Verified Complaint on file with the
11  Court, the attached memorandum of points and authorities, accompanying
12  proposed order and proposed Process of Maritime Attachment and
13  Garnishment, the relevant pleadings, documents and matters of which the Court
14  may take judicial notice, and such other matters which may properly come before
15  this Court.

16  Date: February 18, 2026.

17  Respectfully submitted,

18  /s/ Neil B. Klein
19  Neil B. Klein
    Maria del Rocio Ashby
20  McKasson & Klein LLP
    Attorneys for Plaintiff
21
22  OF COUNSEL
    J. Stephen Simms
23  Simms Showers LLP
    201 International Circle
24  Baltimore, Maryland 21030
25  443-290-8704
    jssims@simmsshowers.com
26
27
28

| | |
|---|---|
|1| **POINTS AND AUTHORITIES** |
|2| **I. INTRODUCTION** |
|3| Plaintiffs apply *ex parte* for an order directing the Clerk to issue Process of |
|4| Maritime Attachment and Garnishment ("Writ") for the property of Norvic held or |
|5| controlled by garnishee Valley National Bank within this District, and providing |
|6| further that the Clerk may issue additional writs on application by plaintiffs. |
|7| In addition, to protect against the possibility of accounts held by Garnishee |
|8| being removed from the District, plaintiffs seek the appointment of a special |
|9| process server, waiver of the notice requirements of Local Rule 7-19 and |
|10| respectfully requests that the Court make expedited review of the Verified |
|11| Complaint and this Application. |
|12| **II. THE CONDITIONS FOR RULE B PROCESS ARE SATISFIED** |
|13| "Under Rule B of the Supplemental Admiralty Rules, a plaintiff may attach a |
|14| defendant's property if four conditions are met: (1) plaintiff has a valid prima facie |
|15| admiralty claim against the defendant; (2) defendant cannot be found within the |
|16| district; (3) property of the defendant can be found within the district; and (4) |
|17| there is no statutory or maritime law bar to the attachment." *Equatorial Marine* |
|18| *Fuel Mgmt. Servs. PTE v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) |
|19| (*citing Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d |
|20| Cir. 2006)); Fed. R. Civ. P., Supp. Rule B. |
|21| The standard of proof for a plaintiff seeking maritime attachment under Rule |
|22| B is permissive in the initial pleading stage as plaintiffs need not prove its claim |
|23| by a preponderance of the evidence, or to a similar standard, but rather present |
|24| sworn factual assertions satisfying the four prerequisites. |
|25| **A. Plaintiffs Each Have Valid Admiralty Claims Against Norvic** |
|26| Plaintiffs have filed a Verified Complaint, pursuant to Rule 9(h) of the Federal |
|27| Rules of Civil Procedure and Admiralty Rule B, setting out their claim for security |
|28| for damages, as well as arbitration and related fees in the total amount of at least |

**$1,442,957.04** .

The allegations in plaintiffs' Verified Complaint state a *prima facie* admiralty claim under general maritime law, meet the conditions of Rule B, and are incorporated herein by reference. *See Fednav, Ltd. v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir. 1991) ("It is well-established that a charter party agreement is a maritime contract.") (citation omitted); *Interpool, Ltd. v. Char Yigh Marine, S.A.*, 890 F.2d 1453, 1454, fn. 2 (9th Cir. 1989).

**B. Norvic Cannot be Found Within the District**

In support of their Verified Complaint, plaintiffs(at the conclusion of the Verified Complaint) file the verification and affidavit of Attorney J. Stephen Simms, averring that Norvic cannot be found within the District for the purposes of Rule B and LAR B.2, and setting out the efforts undertaken to find and serve Norvic.

Specifically, plaintiffs are informed and believes Norvic cannot be found within the Central District of California. To plaintiffs' knowledge, none of the managers or officers of Norvic are now within this District. Further, based on a search of the California Secretary of State's business records, Norvic is not incorporated or registered to do business in California, does not maintain an office in California and does not have a registered agent for the receipt of service of process in California.

**C. Property of Norvic Can be Found in the District**

Plaintiffs seek attachment of Norvic property held by Garnishee Valley National Bank and any other funds/property maintained by them for the benefit of Norvic.

The Verified Complaint sets out the factual "bases for its belief that Norvic's property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7

(S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by garnishee" under Rule B). "At the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (S.D.N.Y. July 18, 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)).

Plaintiffs are informed and believe Norvic does now, or will during the pendency of this action, have tangible and intangible property within the Central District of California, namely, bank accounts and other intangible property held by the Garnishee for Norvic. As set out in the Verified Complaint, Garnishee is present by its agents and offices, and such accounts therefore are subject to Rule B attachment and garnishment.

Plaintiffs' allegations therefore demonstrate a "plausible" entitlement to a maritime attachment and garnishment because they "at least show that it is plausible to believe that Norvic's property will be "in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is affected. *Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

### D. No Statutory or Maritime Bar to Rule B Process

There is no statutory or maritime bar to the instant application for Rule B process of maritime attachment and garnishment.

## III. EXPEDITED REVIEW IS APPROPRIATE

Plaintiffs request that this Court to review this application on an expedited basis, as contemplated by Rule B(1)(b) which provides:

> The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing

- 5 -

Ex Parte App. for (A) Order Authorizing Issuance of Process of Maritime Attachment & Garnishment; (B) Appointment of Special Process Server; (C) Expedited Review; P&As

process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

See also Notes of Advisory Committee on Rules-1985 Amendment for Rule B, which provide in relevant part "The rule envisions that the order will issue when plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory finding is contemplated."[1]

Based on the Verified Complaint and Affidavit (last page of the complaint), and this application for issuance of Rule B process and appointment of a special process server to facilitate expedited service of the writ, plaintiffs respectfully request prompt assignment to a judge of this Court for expedited review and ruling on this Application.

## IV. APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiffs desire that the Rule B Process be served on Garnishee with all deliberate speed so it will be fully protected against the possibility of the accounts held by Garnishee, which plaintiffs seek to attach as security for its maritime claim against Norvic, being removed from the custody of Garnishee. On that basis, plaintiffs request that the Court order the appointment of a special process server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and Local Rule 64-2.

Undersigned counsel or their designate, all of whom are over 18 years of age and not party to this action, can act as special process server to effect service of Process of Maritime Attachment and Garnishment on the Garnishee, by its respective agent in this District, as set out in the Verified Complaint.

There is no need to require that service be made by a U.S. Marshal because

---

[1] Local Rule B.2 also contemplates an affidavit to accompany the complaint for purposes of facilitating issuance of Rule B process of attachment and garnishment.

- 6 -

Ex Parte App. for (A) Order Authorizing Issuance of Process of Maritime Attachment & Garnishment; (B) Appointment of Special Process Server; (C) Expedited Review; P&As

service only involves delivery of the writ to Garnishee(s) believed to be in possession of the targeted property, which is not physical property. Further, to avoid the need to repeatedly serve Garnishee, plaintiffs respectfully seek leave, as set out in the proposed order, for any writ served on a garnishee to be deemed effective and continuous throughout any given day.

Plaintiffs respectfully request that this Court grant the request and appoint any agent or employee of McKasson & Klein LLP (plaintiffs' undersigned counsel), or their appointee who is over the age of 18 and not a party to this action, in addition to the U.S. Marshal, to serve the Rule B Process requested in this application.

## V. WAIVER OF *EX PARTE* NOTICE IS WARRANTED

Local Rule 7-19.2 provides that "If the judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice…the judge may waive the notice requirements of L.R. 7-19.1."

A waiver of notice is warranted in this case due to the intangible nature of the property sought to be attached and garnished (namely, bank accounts and intangible property). Said property can be quickly transferred out of this District and/or accounts closed before process of maritime attachment and garnishment can issue and be executed.

## VI. CONCLUSION

For the reasons stated, plaintiffs respectfully request the Court enter an Order:

1. Authorizing the Issuance of Process of Maritime Attachment and Garnishment directing any and all Garnishees to garnish any tangible or intangible personal property in their possession, custody or control belonging to Norvic;

2. Appointing any agent or employee of McKasson & Klein LLP (plaintiffs' undersigned counsel), or their appointee who is over the age of 18 and not a

- 8 -

party to this action, in addition to the U.S. Marshal, to serve said process;

   3.  Review and ruling on this application on expedited, *ex parte* basis;

   4.  Granting such other and further relief as may be just, equitable and proper.

Date: February 18, 2026.

                     Respectfully submitted,

                     /s/ Neil B. Klein
                     Neil B. Klein
                     Maria del Rocio Ashby
                     McKasson & Klein LLP
                     Attorneys for Plaintiff

OF COUNSEL
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
443-290-8704
jssims@simmsshowers.com

- 8 -

Ex Parte App. for (A) Order Authorizing Issuance of Process of Maritime Attachment & Garnishment; (B) Appointment of Special Process Server; (C) Expedited Review; P&As